People v Gunther (2021 NY Slip Op 07090)





People v Gunther


2021 NY Slip Op 07090


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Ind. No. 5395/16 Appeal No. 14892 Case No. 2018-4615 

[*1]The People of the State of New York, Respondent,
v
Jacob Gunther, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Mandy E. Jaramillo of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Ann E. Scherzer, J.), rendered June 20, 2018, convicting defendant, upon his plea of guilty, of criminal mischief in the second degree, and sentencing him to a term of 90 days, unanimously affirmed.
Defendant claims that the grand jury proceeding was fatally defective, and also claims that he was entitled to withdraw his guilty plea, which was conditioned on the People submitting proof that the damage to the victim's car exceeded the $1,500 threshold for second-degree criminal mischief. These claims are without merit, because they are based entirely on a one-digit clerical error in a document.
The victim testified before the grand jury about the damage to his 2016 Mercedes-Benz CLA 250. The People also introduced an affidavit from a body shop employee providing a damage estimate, well in excess of the statutory threshold, for a 2016 Mercedes-Benz CLA 250 car with the same VIN number as the victim's car.
When defendant pleaded guilty, the court promised defendant that he could withdraw his plea if the People did not submit proof that the car repairs actually exceeded $1,500. The People subsequently produced a paid bill, from a different body shop from the one that had provided the original estimate, showing a $3,000 repair to a 2017 Mercedes-Benz CLA 250, owned by a person of the same name as the victim.
No "false" evidence was presented to the grand jury, and defendant was not entitled to withdraw his plea. While defendant insists on appeal that the paid bill was for repairs to a "different" car, it was manifestly for the victim's car, albeit with an error as to the year.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021